IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT J. WEST and ANGELA B. WEST, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. SA-22-CV-0489-FB |
| | § |
| STATE FARM LLOYDS, | § |
| | § |
| Defendant. | § |

## ORDER OF ADMINISTRATIVE CLOSURE

Before the Court is the status of the above styled and numbered cause. Based on the Joint Advisory Upon the Request of the Court filed on April 14, 2025 (docket #36), the Plaintiffs and Defendant were still in negotiations to settle the case, and the parties stated a trial setting would be "beneficial in ultimately resolving the case, either through settlement or trial to a jury." The Court set this case for jury selection and trial to begin on November 17, 2025 (docket #37).

Therefore, because all of the Scheduling Order deadlines have expired, there are no pending motions, and all that remains is a trial, in the event the settlement negotiations are not successful, the Court finds this case is appropriate for administrative closure until such time as a settlement is reached or jury selection and trial begins. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . ."). The Clerk's office is therefore DIRECTED to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so ORDERED.

SIGNED this 30th day of September, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE